AO 106 (Rev. 04/10) Application for a Search Warrant



FILED

# UNITED STATES DISTRICT COURT
for the
Western District of Texas

MAR 2 4 2016

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
                    DEPUTY

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
                                              ) Case No. SA: 16-MJ-0243
USE OF A CELL-SITE SIMULATOR TO IDENTIFY THE )
CELLULAR DEVICE CARRIED BY SILVERIO )
GOMEZ-HERNANDEZ. )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

SEE ATTACHMENT A

located in the _____WESTERN_____ District of _____TEXAS_____, there is now concealed *(identify the person or describe the property to be seized)*:

SEE ATTACHMENT B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. SECTION 841(a)(1) | TRAFFICKING CONTROLLED SUBSTANCES |

The application is based on these facts:
SEE AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A SEARCH WARRANT.

☑ Continued on the attached sheet.
☑ Delayed notice of __30__ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
Applicant's signature

COBEY CROW, TFO, DEA
Printed name and title

Sworn to before me and signed in my presence.

Date: 3/24/2016

_____
Judge's signature

City and state: SAN ANTONIO, TEXAS     JOHN W. PRIMOMO, U.S. MAGISTRATE JUDGE
Printed name and title

## ATTACHMENT A

This warrant authorizes the use of the electronic investigative technique described in Attachment B when the officers to whom it is directed have reason to believe that **Silverio GOMEZ-HERNANDEZ** is present.

This technique may be used at the following locations: 3222 East Southcross Road San Antonio, Texas, (suspect's address) and surrounding areas due to **Silverio GOMEZ-HERNANDEZ** traveling throughout his neighborhood to visit and conduct day to day activities; 4834 Lunar Drive San Antonio, Texas, the file title's home address; and **Silverio GOMEZ-HERNANDEZ'S** daily commute to and from these locations.

## ATTACHMENT B

The "Target Cellular Device" is the cellular device or devices carried by **Silverio GOMEZ-HERNANDEZ**. Pursuant to an investigation of **Silverio GOMEZ-HERNANDEZ** for a violation of Title 21, United States Code, Sections 841, 843(b), 846, 952, 960, and 963, this warrant authorizes the officers to whom it is directed to identify the Target Cellular Device by collecting radio signals, including the unique identifiers, emitted by the Target Cellular Device and other cellular devices in its vicinity for a period of thirty days, during all times of day and night.

Absent further order of a court, law enforcement will make no affirmative investigative use of any identifiers collected from cellular devices other than the Target Cellular Device, except to identify the Target Cellular Device and distinguish it from the other cellular devices. Once investigators ascertain the identity of the Target Cellular Device, they will end the collection, and any information collected concerning cellular devices other than the Target Cellular Device will be deleted.

This warrant does not authorize the interception of any telephone calls, text messages, or other electronic communications, and this warrant prohibits the seizure of any tangible property. The Court finds reasonable necessity for the use of the technique authorized above. *See* 18 U.S.C. § 3103a(b)(2).

Officials of the Drug Enforcement Administration and other authorized law enforcement officials: (a) must make reasonable efforts to minimize the capture of signals emitted from cellular telephones used by people other than Target Cellular Device, (b) must immediately destroy all data other than the data identifying the cellular telephones used by Target Cellular Device (such destruction must occur within forty-eight (48) hours after the data is captured, and the destruction must be evidenced by a verification provided to the Court with the return of the warrant), and (c) are prohibited from using the data acquired beyond that necessary to determine the cellular telephones used by Target Cellular Device.

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

| | |
|---|---|
| IN THE MATTER OF THE USE OF A CELL-SITE SIMULATOR TO IDENTITY THE CELLULAR DEVICE CARRIED BY **Silverio GOMEZ-HERNANDEZ** | Case No. SA: 16-MJ-0243 <br><br> **Filed Under Seal** |

### AFFIDAVIT IN SUPPORT OF
### AN APPLICATION FOR A SEARCH WARRANT

I, **Cobey Crow**, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 to authorize law enforcement to employ an electronic investigative technique further described in Attachment B, in order to identify the cellular device or devices carried by **Silverio GOMEZ-HERNANDEZ** (the "Target Cellular Device"), described in Attachment A.

2. I am a Task Force Officer with the DEA and have been so employed since May of 2014. As a Task Force Officer, I am an "investigator or law enforcement officer" within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516. Prior to my employment with DEA, I served over eleven years as a police officer with the Seguin, Texas Police Department, and during this time, I was assigned to the Narcotics Squad for three years.

3. I am currently assigned to the DEA San Antonio District Office, Group D-51, Organized Crime Drug Enforcement Task Force (OCDETF) Strike Force.

4. I am knowledgeable of the manner in which drug traffickers distribute controlled substances. I also have knowledge of how drug traffickers collect, transport, and distribute the proceeds derived from drug sales.

5. I have participated in investigations involving the interception of wire and electronic communications. I am familiar with the ways in which illicit drugs such as heroin, methamphetamine, cocaine, and marijuana are distributed and how traffickers conduct their business including, but not limited to, their methods of importing and distributing controlled substances, their use of cellular telephones and other electronic communication devices, and their use of numerical codes and code words to conduct their transactions.

6. Except where otherwise noted, the information set forth in this affidavit has been provided to me directly or indirectly by other law enforcement officers or intelligence analysts. Unless otherwise noted, wherever in this affidavit I assert that a statement was made, the information was provided by another law enforcement officer (who may have either direct or hearsay knowledge of the statement) to whom I have spoken or whose report I have read and reviewed. Such statements are among many statements made by others and are stated in substance, unless otherwise indicated. Similarly, information resulting from surveillances except where indicated does not necessarily set forth my personal observations but may have been provided directly or indirectly by other law enforcement officers who conducted such surveillances.

7. I have participated in the investigation of the below described offenses and persons, have written reports concerning the progress of such, and have received and reviewed reports, both written and oral, from other law enforcement officers. Because this affidavit is being submitted for the limited purpose of securing a search warrant under Federal Rule of Criminal Procedure 41 to authorize law enforcement to employ an electronic investigative technique further described in Attachment B, in order to identify the cellular device or devices carried by **Silverio GOMEZ-HERNANDEZ** (the "Target Cellular Device"), have set forth only the facts that I believe are necessary to establish probable cause for the issuance of the above described search warrant.

8. This Court has authority to issue the requested warrant under Federal Rule of Criminal Procedure Rule 41(b)(1) & (2) because the Target Cellular Device is currently believed to be located inside this district because the owner currently resides at 3222 East Southcross Road San Antonio, Texas. During the course of this investigation, Agents have conducted numerous hours of physical surveillance of **Silverio GOMEZ-HERNANDEZ,** and at no time has **Silverio GOMEZ-HERNANDEZ** left the city of San Antonio, Texas. Also during the course of this investigation, on March 4, 2016, the Honorable Xavier Rodriguez, United States District Judge, Western District of Texas, signed an Order authorizing the interception of wire and electronic communications to and from a cellular telephone assigned (210) 286-0306; IMSI 310120208089706, subscribed to **Omar Villalpando-Gonzalez**, 4834 Lunar Street, San Antonio, (hereinafter referred to as the "Target Telephone #1"), in cause number SA-16-CR-156-OG. Interception began on March 4, 2016, continues through this date, and authorization terminates on April 2, 2016. The investigation has shown that **Silverio GOMEZ-HERNANDEZ** is in regular contact with his co-conspirator **Omar VILLALPANDO-**

3

GONZALEZ. Court authorized intercepted conversations of **Silverio GOMEZ-HERNANDEZ** and **Omar VILLALPANDO-GONZALEZ** has corroborated **Silverio GOMEZ-HERNANDEZ'S** locations when the two parties communicate with one another. **Silverio GOMEZ-HERNANDEZ** was last seen in San Antonio, Texas on March 18, 2016. Pursuant to Rule 41(b)(2), law enforcement may use the technique described in Attachment B outside the district provided the device is within the district when the warrant is issued.

9. Based on the facts set forth in this affidavit, there is probable cause to believe that violations of Title 21, United States Code, Sections 841, 843(b), 846, 952, 960, and 963 have been committed, are being committed, and will be committed by **Silverio GOMEZ-HERNANDEZ**. There is also probable cause to believe that the identity of the Target Cellular Device will constitute evidence of those criminal violations. In addition, in order to obtain additional evidence relating to the Target Cellular Device, its user, and the criminal violations under investigation, law enforcement must first identify the Target Cellular Device. There is probable cause to believe that the use of the investigative technique described by the warrant will result in officers learning that identifying information.

10. Because collecting the information authorized by this warrant may fall within the statutory definitions of a "pen register" or a "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), this warrant is designed to comply with the Pen Register Statute as well as Rule 41. See 18 U.S.C. §§ 3121-3127. This warrant therefore includes all the information required to be included in a pen register order. See 18 U.S.C. § 3123(b)(1).

## PROBABLE CAUSE

11. The investigation has established that **Silverio GOMEZ-HERNANDEZ** resides at 3222 East Southcross Road San Antonio, Texas. **Silverio GOMEZ-HERNANDEZ** has been identified as a leader in the **Omar VILLALPANDO-GONZALEZ** DTO which distributes up to 50 kilograms of crystal methamphetamine per month to San Antonio, Texas and several cities in the continental United States, to include Chicago, Ill., Atlanta, GA, Raleigh, NC., and Dallas, TX. Special Agents are currently monitoring a court-authoirzed "pen register" on **Silverio GOMEZ-HERNANDEZ'S** cellular telephone, (210) 354-5027, for which all calls to and from that cellular telephone number are being collected. In the month of March 2016, a phone call was intercepted from **Omar VILLALPANDO-GONZALEZ** in which **Silverio GOMEZ-HERNANDEZ** stated he spoke with Ruben LNU. Ruben LNU is believed to be a source of supply for crystal methamphetamine to the **Omar VILLALPANDO-GONZALEZ** DTO. The investigation has established that Ruben LNU resides in the Republic of Mexico. Special Agents reviewed the pen register and determined that no calls to or from Mexico were registered. Additionally, **Silverio GOMEZ-HERNANDEZ** was arrested in San Antonio, Texas for Sexual Assault of a child in December 2015. During the arrest, the arresting officer noted that **Silverio GOMEZ-HERNANDEZ** had two (2) cellular telephones in his possession. This fact leads Agents to believe that **Silverio GOMEZ-HERNANDEZ** utilizes at least two (2) cellular telephones. During the investigation, Agents have learned that the **Omar VILLALPANDO-GONZALEZ DTO** utilizes separate cellular telephones to conduct illegal narcotic transactions and legal day to day activities. **Omar VILLALPANDO-GONZALEZ** regularly visits **Silverio GOMEZ-HERNANDEZ** at his residence, 3222 East Southcross San Antonio, Texas, during which physical surveillance has corroborated the intercepted calls between **Omar**

5

**VILLALPANDO-GONZALEZ** stating to other DTO members and family that he is with **Silverio GOMEZ-HERNANDEZ** at his residence. Agents believe that by **identifying Silverio GOMEZ-HERNANDEZ'S** other cellular telephone(s), this will lead to the identity of other members of the Omar VILLALPANDO-GONAZALEZ DTO, possible sources of supply in the Republic of Mexico, and how large quantities of crystal methamphetamine are transported into the United States.

## MANNER OF EXECUTION

12. In my training and experience, I have learned that cellular phones and other cellular devices communicate wirelessly across a network of cellular infrastructure, including towers that route and connect individual communications. When sending or receiving a communication, a cellular device broadcasts certain signals to the cellular tower that is routing its communication. These signals include a cellular device's unique identifiers.

13. To facilitate execution of this warrant, law enforcement may use an investigative device that sends signals to nearby cellular devices, including the Target Cellular Device, and in reply, the nearby cellular devices will broadcast signals that include their unique identifiers. The investigative device may function in some respects like a cellular tower, except that it will not be connected to the cellular network and cannot be used by a cell to communicate with others. Law enforcement will use this investigative device when they have reason to believe that **Silverio GOMEZ-HERNANDEZ** is present. Law enforcement will collect the identifiers emitted by cellular devices in the immediate vicinity of the Target Cellular Device when the subject is in multiple locations and/or multiple times at a common location and use this information to identify the Target Cellular Device, as only the Target Cellular Device's unique identifiers will

be present in all or nearly all locations. Once investigators ascertain the identity of the Target Cellular Device, they will cease using the investigative technique. Because there is probable cause to determine the identity of the Target Cellular Device, there is probable cause to use the investigative technique described by the warrant to determine the identity of the Target Cellular Device.

14. The investigative device may interrupt cellular service of cellular devices within its immediate vicinity. Any service disruption will be brief and temporary, and all operations will attempt to limit the interference cellular devices. Once law enforcement has identified the Target Cellular Device, it will delete all information concerning non-targeted cellular devices. Absent further order of the court, law enforcement will make no investigative use of information concerning non-targeted cellular devices other than distinguishing the Target Cellular Device from all other devices.

15. Although I am generally familiar with how cell-site simulators operate and how they are utilized to enhance investigative activities, I have received only limited training from DEA in this area. I know that cell-site simulators require training and practice to operate correctly. To that end, in order for the correct execution of the requested search warrant, only knowledgeable and accountable DEA personnel assigned to the DEA Division Office in Houston, Texas, will be present here in San Antonio to operate the cell-site simulator. Special Agent Jeffery Martin, assigned to the Houston Field Division Technical Operation Unit, will be operating the cell-site simulator and collecting the data that will be obtained. Agent Martin was trained and has been authorized by the DEA to use this technology. His training was administered by a qualified agency component or expert in accordance with DEA training protocols.

16.     Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41. The proposed warrant also will function as a pen register order under 18 U.S.C. § 3123.

17.     I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days from the end of the period of authorized surveillance. This delay is justified because there is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the person carrying the Target Cellular Device would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). There is reasonable necessity for the use of the technique described above, for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

18.     I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to identify the Target Cellular Device outside of daytime hours.

19.     I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents

because their premature disclosure may seriously jeopardize that investigation.

_____
COBEY CROW, TFO, DEA

Subscribed and sworn to before me on the 24th day of March, 2016.

_____
JOHN W. PRIMOMO
UNITED STATES MAGISTRATE JUDGE

9

<pre>
</pre>

AO 93 (Rev. 11/13) Search and Seizure Warrant


SEALED

# UNITED STATES DISTRICT COURT
for the
Western District of Texas

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )   Case No.   SA: 16-MJ-0243
USE OF A CELL-SITE SIMULATOR TO IDENTIFY THE )
CELLULAR DEVICE CARRIED BY SILVERIO )
GOMEZ-HERNANDEZ. )

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the   WESTERN   District of   TEXAS
*(identify the person or describe the property to be searched and give its location)*:

SEE ATTACHMENT A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

SEE ATTACHMENT B.

YOU ARE COMMANDED to execute this warrant on or before   4/7/2016   *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.   ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to   duty judge   .
*(United States Magistrate Judge)*

☑ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☑ for   30   days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of   .

Date and time issued:   3/24/2016 3:30 p.m.   _____
*Judge's signature*

City and state:   SAN ANTONIO, TEXAS   JOHN W. PRIMOMO, U.S. MAGISTRATE JUDGE
*Printed name and title*

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

| **Return** | | |
|---|---|---|
| Case No.:<br>SA: 16-MJ-0243 | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: | | |

**Certification**

    I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

    _____
    *Executing officer's signature*

    _____
    *Printed name and title*

## **ATTACHMENT A**

This warrant authorizes the use of the electronic investigative technique described in Attachment B when the officers to whom it is directed have reason to believe that **Silverio GOMEZ-HERNANDEZ** is present.

This technique may be used at the following locations: 3222 East Southcross Road San Antonio, Texas, (suspect's address) and surrounding areas due to **Silverio GOMEZ-HERNANDEZ** traveling throughout his neighborhood to visit and conduct day to day activities; 4834 Lunar Drive San Antonio, Texas, the file title's home address; and **Silverio GOMEZ-HERNANDEZ'S** daily commute to and from these locations.

## ATTACHMENT B

The "Target Cellular Device" is the cellular device or devices carried by **Silverio GOMEZ-HERNANDEZ**. Pursuant to an investigation of **Silverio GOMEZ-HERNANDEZ** for a violation of Title 21, United States Code, Sections 841, 843(b), 846, 952, 960, and 963, this warrant authorizes the officers to whom it is directed to identify the Target Cellular Device by collecting radio signals, including the unique identifiers, emitted by the Target Cellular Device and other cellular devices in its vicinity for a period of thirty days, during all times of day and night.

Absent further order of a court, law enforcement will make no affirmative investigative use of any identifiers collected from cellular devices other than the Target Cellular Device, except to identify the Target Cellular Device and distinguish it from the other cellular devices. Once investigators ascertain the identity of the Target Cellular Device, they will end the collection, and any information collected concerning cellular devices other than the Target Cellular Device will be deleted.

This warrant does not authorize the interception of any telephone calls, text messages, or other electronic communications, and this warrant prohibits the seizure of any tangible property. The Court finds reasonable necessity for the use of the technique authorized above. *See* 18 U.S.C. § 3103a(b)(2).

Officials of the Drug Enforcement Administration and other authorized law enforcement officials: (a) must make reasonable efforts to minimize the capture of signals emitted from cellular telephones used by people other than Target Cellular Device, (b) must immediately destroy all data other than the data identifying the cellular telephones used by Target Cellular Device (such destruction must occur within forty-eight (48) hours after the data is captured, and the destruction must be evidenced by a verification provided to the Court with the return of the warrant), and (c) are prohibited from using the data acquired beyond that necessary to determine the cellular telephones used by Target Cellular Device.